UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINALD HARRIS,

              Plaintiff,                                     **COMPLAINT AND**
                                                           **JURY DEMAND**

      -against-

THE CITY OF NEW YORK, Detective MICHAEL ZAK,
Shield No. 5972, Detective ANTHONY RICCI,
Shield No. 3652,
,

              Defendants.
------------------------------------------------------------X

      Plaintiff, REGINALD HARRIS, by his attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## PARTIES, VENUE AND JURISDICTION

      2.    Plaintiff REGINALD HARRIS is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of New York.

      3.    At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant detective MICHAEL ZAK, Shield No. 5972, was employed by the City of New York as a member of the NYPD. Zak is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant detective ANTHONY RICCI, Shield No. 3652, was employed by the City of New York as a member of the NYPD. Ricci is sued in his individual and official capacities

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b)

## **FACTUAL ALLEGATIONS**

9.   On October 8, 2014, at approximately 2:00 pm, plaintiff REGINALD HARRIS was lawfully driving a car in the area of Clove Street, between Richmond Terrace and Castleton Avenue in the County of Kings, City and State of New York.

10.   Defendant officers stopped plaintiff without justification or provocation and ordered plaintiff to get out.

11.   Defendants forcibly grabbed plaintiff and searched plaintiff's person, grabbed plaintiff's penis, and used vial and offensive language against plaintiff while touching his penis.

12.   Thereafter, defendants handcuffed plaintiff, ordered plaintiff onto his knees on the road behind his car and forced him to kneel on the pavement for approximately one hour.

13.   Defendants removed the memory card from plaintiff's cell phone and stole it from him.

14.   The defendants then un-cuffed plaintiff and left the scene.

15.   At no point in time was it reasonable or necessary to stop plaintiff, arrest him, and then to use any force against the plaintiff Harris, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

16.   At no point did the defendant observe plaintiff committing any crimes or offenses.

17. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

18. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

19. The defendants attempted to cover up their use of excessive force against plaintiff by lying about their actions and otherwise failing to report their actions.

20. Thus, each defendant is responsible for the assault on plaintiffs and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

21. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C.§1983**

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

24. All of aforementioned acts deprived plaintiff HARRIS of the rights, privileges and immunities guaranteed to citizens of the United States by the

Fourth, Fifth, Eighth and Fourteenth Amendments to the of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28. The acts complained of deprived plaintiff of his rights:

    A.    Not to have excessive force imposed upon him;

    B.    Not to have summary punishment imposed upon him; and

    C.    To receive equal protection under the law.

## SECOND CAUSE OF ACTION
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

33. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely detained by the defendants, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for a period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CAUSE OF ACTION
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

32. As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

29. The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants issued legal process to place plaintiff REGINALD HARRIS under arrest.

39. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

40. Defendants acted with intent to do harm to plaintiff REGINALD HARRIS, without excuse or justification.

41. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of

liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SIXTH CAUSE OF ACTION
## MUNICIPAL LIABILITY

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff REGINALD HARRIS.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by REGINALD HARRIS as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff REGINALD HARRIS as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff REGINALD HARRIS was subjected to unlawful and excessive force resulting in emotional and physical injuries.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff REGINALD HARRIS.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff REGINALD HARRIS's constitutional rights.

51. All of the foregoing acts by defendants deprived plaintiff REGINALD HARRIS of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have summary punishment imposed upon him; and

    C. To receive equal protection under the law.

52. As a result of the foregoing, plaintiff sustained, *inter alia,* loss of

liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SEVENTH CAUSE OF ACTION
### CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

93. Plaintiff repeats and realleges each and every allegation as if fully set forth herein

94. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest of plaintiff REGINALD HARRIS.

95. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

96. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff REGINALD HARRIS: (a) manufactured false evidence; (b) gave incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony.

97. The aforesaid conduct of defendants operated to deprive plaintiff REGINALD HARRIS of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

(a) Not to be deprived of his liberty or to be arrested, detained or

imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

98. The foregoing violations of plaintiff REGINALD HARRIS's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: October 10, 2017

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:	All Defendants
	Corporation Counsel of the City of New York